Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
431 "I" Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

Attorneys for Defendant
LAWRENCE LOOMIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:12-CR-00315 JAM |
| Plaintiff, | **EX PARTE APPLICATION FOR ORDER APPOINTING SECOND COUNSEL AND [PROPOSED] ORDER** |
| v. | |
| LAWRENCE LOOMIS, | |
| Defendant. | |

Defendant Lee Loomis, by and through his attorney of record, Kresta Daly respectfully moves the Court, pursuant to the Fifth Amendment guarantee of due process of law, the Sixth Amendment right to effective assistance of counsel, and Section 220.10 of the CJA Guidelines for the Appointment of Counsel, from the Administrative Office of the United States Courts, for an order permitting a second attorney to be appointed to assist in the representation of Lee Loomis. The CJA Guidelines, § 220.10, Timely Appointment of Counsel (http://www.uscourts.gov/FederalCourts/ AppointmentOfCounsel/CJAGuidelinesForms/vol7PartA/vol7PartAChapter2.aspx#220_10), provides as follows:

> "... a person financially eligible for representation should be provided with counsel as soon as feasible after being taken into custody, when first appearing before the court or U.S. magistrate judge, when formally charged, or when otherwise entitled to counsel under the CJA, whichever occurs earliest."

CJA Guideline § 230.53 allows the Court to appoint an additional attorney in an extremely difficult or complex case, such as this one.

Dated: October 15, 2014.  BARTH DALY LLP

By  /s/ Kresta Nora Daly
    KRESTA NORA DALY

# DECLARATION OF KRESTA NORA DALY

In support of this motion, I, Kresta Daly, declare that:

1. I am an attorney admitted to practice before the Eastern District of California and was appointed as counsel of record on behalf of defendant Lee Loomis on the above-captioned case on or about September 23, 2014. Prior to that Mr. Loomis had been represented by the Federal Defender's office for two years. While being represented by the Federal Defender's office, Mr. Loomis' case was assigned two lawyers and at least one paralegal and one investigator. I have spoken with Leigh Opherman, the paralegal with the Federal Defender's office who was assigned to this case. For the past year she spent no less than 80% of her professional time working on this case. During the three months leading up to trial she spent 100% of her time preparing for this case.

2. I am asking that a second attorney be appointed for Mr. Loomis on the grounds that this case is extremely difficult and complex; the materials which I need to review and become prepared to litigate are enormously extensive; it appears the time it will take me, alone, to effectively represent Mr. Loomis will exceed the time the Court and the government reasonably expect within which to litigate all matters; and the Due Process Clause of the Fifth Amendment, the Right to Effective Assistance of Counsel guaranteed by the Sixth Amendment and the CJA Guidelines for Appointment of Counsel, in particular, Section 220.10, militate toward appointing two attorneys to represent Mr. Loomis.

3. Lee Loomis and six other defendants were indicted on or about September 8, 2012, in case number 2:12-CR-00315-JAM. A superseding indictment was filed on May 30, 2013. There are 50 counts pending against Mr. Loomis.

4. There are at least four terabytes of discovery in this case. This number of terabytes has been estimated to equal two billion pages of paper, enough to fill nineteen semi-trucks. There are no fewer than twenty entities involved. There are thousands of financial transactions at issue.

5. The government claims Mr. Loomis was the mastermind of a large scale fraud scheme that included elements of a pyramid scheme as well as mortgage fraud. Central to the government's theory is that Mr. Loomis created and controlled, often through other people, a large number of entities.

6. By prior order of this Court there will be two trials in Mr. Loomis' case. In one trial, currently set for March 30, 2015, Mr. Loomis and several co-defendants will be tried in connection with the mortgage fraud allegations. A trial readiness conference in that case is currently set for January 20, 2015. Whether or not that trial date will remain as currently scheduled is unclear. On September 23, 2014, I asked the court to vacate the March 30, 2015, trial date. The court denied that request, indicating the other parties to that trial were not present. The court did not provide any insights regarding the Court's intention in connection with the March 30, 2015, date. The pyramid scheme allegations were set to go to trial in October 2014 – that date has since been vacated and a hearing to set new trial dates is to be had on November 18, 2014. During the September 23, 2014, court appearance the court indicated the Court intended to re-set the pyramid scheme trial for May 2015.

7. Understandably, all parties, Mr. Loomis, the Court, and the government wish to proceed on both cases as expeditiously as possible. I would like to proceed as quickly as possible as well. However I have a full case load. I have not accepted nor do I intend to accept appointment on any new matters until Mr. Loomis' matter is concluded but I am still required to work on other matters. I am counsel of record in no fewer than 30 pending cases in at least seven jurisdictions in northern California. I am also counsel in several cases which are under investigation but in which no charges have been filed.

8. I will be able to devote the extensive amount of time which will be needed to Mr. Loomis' cases, but certainly do not believe I will be able to be prepared in the current time frame. There are two possible scenarios for trial dates. Scenario One; this Court vacates the March 30, 2015, trial date. The pyramid scheme allegations are re-set for trial in May 2015, as indicated by the Court last month. Scenario Two; this Court does not vacate the March 30, 2015, trial date and sets the second trial for May 2015. Under Scenario One I have eight months to prepare for trial, under Scenario Two I have six. Neither scenario provides me with sufficient time to prepare for trial on my own. When the Federal Defender's Office was representing Mr. Loomis there were two lawyers assigned to this case for trial as well as a paralegal, an investigator and others. Of the other two defendants set to go in the March 2015 trial one of them has one lawyer, the other defendant has three lawyers of record.

9. I am informed and believe this Court holds trial four and a half days a week. Each trial is anticipated to last about a month. There are potentially hundreds of witnesses. Even if the government chooses to disclose the order in which they intend to call witnesses in advance simply being prepared day in and day out for this number of witnesses with only evenings and two and a half days per week break is a daunting task. A task which the Federal Defender's Office appears to have determined was properly divided between two lawyers.

10. Therefore, I am requesting CJA Panel attorney David Fischer be appointed to assist me in my representation of Lee Loomis. I have discussed the case with Mr. Fischer and he is willing and available to assist me in the defense of Mr. Loomis. Mr. Fischer's current workload is such that he is able to devote a considerable number of hours to this case immediately and through trial. We will divide our responsibilities in the preparation for trial so as to avoid unnecessary duplication of services.

11. I have discussed the appointment of David Fischer as second counsel with the government and Mr. Loomis. No one has expressed any concerns with the possibility of Mr. Fischer becoming second defense counsel.

12. Filed separately from this declaration is a supplemental declaration filed under seal which further supports the request made here. The information contained in the separately filed declaration is privileged.

I declare under penalty of perjury that the foregoing is true and correct and this document was executed on October 15, 2014 at Sacramento, California.

/s/ Kresta Nora Daly
KRESTA NORA DALY

## ORDER

Good cause appearing David Fischer is appointed as second counsel in the above captioned case. Said appointment is made under the CJA Act Guideline §230.53.

Dated 10-16-2014

Honorable John A. Mendez

{00014071}