Kresta Nora Daly, SBN 199689
**BARTH DALY LLP**
431 "I" Street, Suite 201
Sacramento, California 95814
Telephone: (916) 440-8600
Facsimile: (916) 440-9610
Email: kdaly@barth-daly.com

David Delmer Fischer, SBN 224900
**Law Offices of David D. Fischer, APC**
1007 7th Street, Suite 100
Sacramento, CA 95814
Telephone: (916) 447-8600
Facsimile: (916) 930-6482
Email: davefischer@yahoo.com

Attorneys for Defendant
LAWRENCE LOOMIS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 2:12-CR-00315 JAM |
| ) | |
| Plaintiff, ) | **DEFENSE STATUS MEMORANDUM** |
| ) | |
| v. ) | |
| ) | |
| LAWRENCE LOOMIS, ) | |
| ) | |
| Defendant. ) | |

## HISTORY

Defendant Lee Loomis was indicted on September 6, 2012.  On November 12, 2013, trial was set to go forth in this matter on October 6, 2014.  At the November 2013, hearing a trial status conference was set for August 26, 2014.  On or about September 4, 2014, Defendant Lee Loomis filed a motion for the appointment of new counsel.  On September 11, 2014, this court set a hearing as to status of counsel for Mr. Loomis on September 16, 2014.  On September 23, 2014 the Federal Defender's office was relieved and the first member of the defense team, Kresta Daly, was appointed to represent Mr. Loomis.

On October 15, 2014,  Kresta Daly, filed, among other things, an Ex Parte Application for

Order Appointing Second Counsel on behalf of Mr. Loomis. On October 16, 2014 this court issued an order appointing Dave Fischer as a second attorney of behalf of Mr. Loomis.

On November 18, 2014 this court set a trial date as to Counts 1-23 for September 14, 2015 at 9:00am, a trial confirmation hearing for August 4, 2015 as well as a status conference for March 24, 2015.

On November 19, 2014 this court set a trial as to counts 25-50 for February 8, 2016 with a trial confirmation hearing on January 5, 2016.

**CURRENT STATUS**

The Loomis defense has had nearly seven months to familiarize ourselves with the discovery in this case. The defense has retained the services of private investigator[s] as well as other experts.

**1.  Discovery**

As has been discussed in a prior defense status memorandum discovery is voluminous. The defense received initial discovery in September 2014. That discovery consisted of hundreds of thousands of pages. Review of this discovery has been on-going since September 2014. Pursuant to search warrants the government obtained 204 boxes of evidence. Defense counsel for co-defendants previously paid for digital copies of that evidence. The defense obtained digital versions of the 204 search warrant boxes from co-defendants' counsel. The defense obtained this discovery in December 2014. Review of this information is on-going.

**a.  The Computers**

During the government's investigation a search warrant was executed at Mr. Loomis' offices. At the time Mr. Loomis had approximately 50 employees. Every computer and server was seized. The defense requested digital copies of this information beginning sometime in November or December 2014. The government encountered difficulty in producing this evidence. As the defense understands it, the situation was complicated because two different agencies, IRS-CID and the FBI, were involved in the execution of the search warrant and subsequent collection of the evidence. Neither agency had a complete set of the digital evidence. After the government resolved this issue the defense provided the government with a hard drive on or about January 21, 2015. The hard drive was returned to the defense the week of February 26, 2015. The hard drive was then provided to a

defense expert who is currently running searches for certain information.

At this time the defense has in mind specific categories of evidence we believe relevant and should exist amongst the digital information. The defense is prepared to make an offer of proof outside the presence of the government regarding the specific information being sought, its relevance and its effect on motion planning. The defense cannot draft necessary pre-trial motions, indeed the defense cannot decide whether such motions are proper, until after the defense has the results of these searches. Based on representations made by the defense computer expert, we expect the first search results to be available in the early part of the week of March 23, 2015. Our understanding, obtained from our computer expert, is that it has taken approximately one month for the initial round of searches to be completed due to the sheer volume of information that must be searched. The filing of any motions in connection with this information is, at a minimum, two months in the future.

### b. Christopher Warren and Scott Cavell

Christopher Warren and Scott Cavell were both employees of entities related to Mr. Loomis. Both men were indicted and convicted in Eastern District Case No. 09-cr-121-JAM. This indictment pertained to conduct unrelated to their employment with Mr. Loomis. At one time Christopher Warren had a cooperation agreement with the government. That cooperation agreement was breached by Mr. Warren and subsequently terminated. The defense has asked the government if the government intends to call either Mr. Warren or Mr. Cavell at trial. The government has represented they do not intend to call either individual during the government's case-in-chief. The government has further stated they will not rule out the possibility of calling either individual as potential rebuttal witnesses. In response the defense has requested the discovery underlying their case. The discovery has been available for inspection since 2013. The defense provided an external drive to the government on or about February 11, 2015 to obtain digital copies of these records and awaits the return of the drive. The defense expects to receive the digital drive back sometime this week. The defense is informed the Warren and Cavell discovery consists of approximately 40,000 pages and 16 gigabytes of digital evidence.

### c. Additional Bank Records

The government recently made the defense aware of spreadsheets created by the government

regarding certain bank records.  The government has offered to make those spreadsheets available and has informed the defense they will be loaded onto the aforementioned drive.  The information contained on these bank records may be relevant to motions the defense intends to file.  Again, the defense is prepared to make an offer of proof outside the presence of the government as to the potential relevance of these records.

### d. Mr. Loomis' Ability, or Lack Thereof, to Review Discovery

The Unites States Marshal's Service agreed to allow the defense to meet with Mr. Loomis in lock-up.  The agreement was essentially that upon 24-hours notice the Marshal's Service would transport Mr. Loomis to lock-up, the defense was allowed to bring any kind of equipment we wanted into lock-up including computers, monitors, printers, extension cords, etc.  The defense has been allowed to meet with Mr. Loomis all day long, until the Marshals need to transport people back to county jail.  It rapidly became clear to the defense that this arrangement would not work so far as Mr. Loomis viewing discovery.  The lighting in lock-up is dim and there is a dark screen between us and Mr. Loomis.  Mr. Loomis cannot read our computer screens regardless of how much we enlarge the font or how close we hold the computers to the screen.  In order to test the visibility for ourselves Mr. Loomis has brought newspapers and other writings into lock-up and held them against the screen for myself and Mr. Fischer to read.  Neither defense attorney was able to read the documents.

The Marshal's Service was willing to allow the defense forensic accountant into lock-up to meet with Mr. Loomis so long as either defense counsel or a defense investigator was present.  Additionally on any occasion Mr. Loomis was transported to lock-up the Marshal's Service made sure the largest interview room was reserved for the Loomis defense team rendering it possible for both defense lawyers, the forensic accountant and an investigator [when necessary] to be present at a meeting.  Securing entrance for a forensic accountant into either the Sacramento or Nevada County jails would be difficult.  To the best of our knowledge neither of those county jails has a booth large enough to accommodate up to four individuals.  Even though the defense was on notice Mr. Loomis could not review the discovery in a meaningful manner while in the Sacramento County jail, the defense made a conscious decision not to attempt to have Mr. Loomis moved while regular meetings with the forensic accountant were necessary.

The forensic accountant has finished the initial stages of her work, at least those parts requiring regular contact with Mr. Loomis.  As such the defense has since been in contact with the Marshal's service and is attempting to arrange a workable alternative.  The defense's current plan is to ask to have Mr. Loomis transferred to Nevada County.  Nevada County has at times been willing to permit contact visits between lawyers and in-custody individuals.  The defense has heard, but has not verified, that Nevada County jail changed its rules and contact visits are of limited duration.  The defense is in the process of investigating this situation.

The defense previously had contact with the Sacramento County jail regarding the use of the line-up room.  The Sacramento County jail is willing to allow the defense to use the line-up room on one occasion.  The jail informed defense counsel the jail lacks the resources to adequately staff the line-up room so as to permit weekly use of the room by the defense and Mr. Loomis.

At this time Mr. Loomis has reviewed the majority of the 302s [approximately 1,300 pages] and some bank records.  He has hardly had an opportunity to meaningfully review the discovery in this case and, absent the ability to sit down with him and have him view computer screens, assist in digital searches and direct members of the defense team to certain locations on computers.  The defense's ability to remedy this situation currently hinges on whether or not Mr. Loomis can be transferred to Nevada County and what accommodations the Nevada County jail can make.

It is difficult for Mr. Loomis to actively assist in the preparation of his defense under these conditions.  It is equally difficult to speculate about what effect his adequate access to information will have on the defense's decision regarding the necessity and viability of pre-trial motions.

**INVESTIGATION**

Members of the defense team have been actively investigating and interviewing individuals connected with this case.  This court has received and approved multiple travel requests.  A new travel request was submitted the week of March 16, 2015.  The defense anticipates an additional 4-7 travel requests being submitted in the next two to three months.  It is unlikely those travel plans will affect the timing of motions aside from the fact that travel will divert defense counsel's attention from motion work.

///

**FORENSIC ACCOUNTANT**

The forensic accountant working on this case was initially retained in late July 2014 by the federal defender's office. The forensic accountant, the member of the defense team who has been involved with this case the longest, does not believe she can be prepared to go to trial in September 2015. She does believe she will be prepared by February 2016.

**MOTION AND TRIAL DATES**

The defense previously stated the defense did not know if it will be prepared to proceed to trial within one year of having been appointed. The defense now knows they will not be prepared by September 2015 to proceed to trial. The defense suggests the following:

1. The September 2015 trial date be vacated;
2. The February 2016 trial date as to counts 25 – 50 be maintained and the trial as to counts 1-24 be re-set for some four months after the conclusion of the first trial; or
3. The February 2016 trial date as to counts 25-50 be vacated and instead try counts 1-24. The trial as to counts 25-50 be re-set some four months after the conclusion of the February 2016 trial;
4. This court set a motion schedule whereby motions must be filed in August 2015 and that any hearings, if necessary, be held on those motions no later than mid-October 2015; and
5. Status conferences be set one month prior to trial dates.

After having seven months to become familiar with the allegations and the evidence in this case and the scope of work that is necessary the defense confidently asserts the defense will be prepared to proceed with the first trial, regardless of which set of charges are at issue in the first trial, in February 2016.

Dated: March 23, 2015.           BARTH DALY LLP

                                 By   /s/ Kresta Nora Daly
                                      KRESTA NORA DALY


Dated: March 23, 2015.           LAW OFFICES OF DAVID D. FISCHER, APC

                                 By   /s/ David D. Fischer
                                      DAVID D. FISCHER   {

(00015448)