UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LAWRENCE LELAND "LEE" LOOMIS,<br><br>　　　　　Defendant. | No.  2:12-CR-00315 JAM<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS SUPERSEDING INDICTMENT** |

Pending before this Court are Defendant Lee Loomis' "Amended Motion to Dismiss Superseding Indictment for Destruction of Evidence . . ." (Doc #314) and "Motion to Dismiss the Superseding Indictment for Preindictment Delay That Resulted In Actual Prejudice" (Doc #315).  The United States opposes both motions (Doc #326).  For the following reasons, both motions are denied.

　　　　Motion to Dismiss for Destruction of Evidence

Defendant seeks dismissal of the indictment because Mr. Loomis' accounting system, Quick Books Online, was not preserved and allegedly contained data necessary for Mr. Loomis to prepare a complete defense.  Defendant contends that the government did nothing to preserve this data and let it be destroyed in order to

1

prevent Defendant from adequately cross-examining key government witnesses and presenting a complete defense.  Defendant further argues that the government's conduct was so egregious that it warrants the Court dismissing the indictment against Defendant with prejudice.  Defendant cites both California v. Trombetta, 467 U.S. 479 (1984) and Arizona v. Youngblood, 488 U.S. 51 (1988) in support of its motion herein.

Defendant's motion is without merit.  As the government points out, Defendant has not cited a single case, and the Court is unaware of any case where a Court has dismissed an indictment based on the alleged destruction or loss of evidence that was never possessed by the government.  Here, the government never possessed the relevant evidence and cannot be faulted for the destruction of the accounting system data by a third party.  At best, the government may have been in possession of a login name and password that would have allowed it to access Quick Books' files.  However, controlling a login name and password is not the same as being in actual control and/or possession of records or documents.  Moreover, Defendant has failed to produce any evidence that the government acted in bad faith.  Since the evidence in question was never possessed or accessed by the government prior to its destruction, the government had no specific knowledge of its alleged exculpatory value.  "The presence or absence of bad faith turns on the government's knowledge of the apparent exculpatory value of the evidence at the time it was lost or destroyed." United States v. Cooper, 983 F.2d 928, 931 (9th Cir. 1993) (citing Youngblood, 488 U.S. at 56-57 at n*)).  While the government may have had an opportunity to

obtain these records and thereby keep them from being destroyed by a third party, it had no affirmative obligation to do so. Defendant could have also prevented the destruction of these records by retrieving the information. The government cannot be faulted or found to have acted in bad faith under these circumstances. Finally, having found that there was no constitutional violation here, dismissal of the indictment based on the Court's supervisory powers is neither permissible nor proper.

Motion to Dismiss for Preindictment Delay

Defendant contends that as a result of approximately 4 years of preindictment delay, many of the records necessary to present a defense have been destroyed resulting in actual prejudice to Mr. Loomis that rises to the level of a Fifth Amendment due process violation. "Generally, any delay between the commission of a crime and an indictment is limited by the statute of limitations" United States v. Verbera, 509 F.3d 1005, 1112 (9th Cir. 2007). To establish a due process violation based on preindictment delay, the Defendant must first establish "actual, non-speculative prejudice" from the delay. United States v. Doe, 149 F.3d 945, 948 (9th Cir. 1998). "The defendants' burden to show actual prejudice is heavy and is rarely met." United States v. Barken, 412 F.3d 1131, 1134 (9th Cir. 2005). Second, the length of delay is weighed against the reason for delay, and the defendant must show that the delay "offends those fundamental conceptions of justice which are at the base of our civil and political institutions." Id.

In its opposition the government contends that Defendant has

failed to establish actual non-speculative prejudice and that the length of delay was reasonable in light of the substantial investigation the government felt was needed to prove this criminal case. The Court finds the government's arguments to be persuasive. Even if the government had sufficient information to file a civil forfeiture complaint in February 2009, that does not mean it could have commenced a criminal case at the same time. This is a multi-defendant criminal case that requires sufficient evidence to prove the numerous charges beyond a reasonable doubt. It is a complex case and Defendant has failed to meet its burden of proving that the reasons for the delay between the start of the investigation and the indictment "offends those fundamental conceptions of justice which lie at the base of our civil and political institutions." Barken, 412 F.3d at 1134. The government's decision to take four years to seek sufficient evidence to prove this criminal case at a higher level of certainty than what the law requires does not offend the fundamental concept of justice; the opposite is true.

ORDER

For the foregoing reasons, Defendant's two motions to dismiss the superseding indictment are DENIED.

IT IS SO ORDERED.

Dated: January 7, 2016

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

4