McGREGOR W. SCOTT
United States Attorney
PAUL A. HEMESATH
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>       v.<br><br>LEE LOOMIS,<br><br>              Defendant. | 2:12-CR-00315-JAM<br><br>STIPULATION AND ORDER TO RESOLVE ANCILLARY PETITION FILED BY FLAGSTAR BANK, FSB |

   IT IS HEREBY STIPULATED, by and between plaintiff United States of America and petitioner Flagstar Bank, FSB ("Flagstar"), to compromise and settle their interest in the Approximately $328,495.75 in U.S. Currency seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC.

   1.   This stipulation covers only one of the two defendant assets, the $328,495.75 in U.S. Currency seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC.  The second asset, Approximately $133,803.53 in U.S. Currency seized from Washington Mutual Bank, N.A., Account #4420842802, held in the name of Advantage Financial Group Holdings Management LLC is not affected and will be resolved by separate order.

   2.   On or about May 9, 2016, this Court entered a Preliminary Order of Forfeiture [ECF No. 378] pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), based upon the plea

agreement entered into between the United States and defendant Lee Loomis forfeiting to the United States the following assets:

      a.      Approximately $328,495.75 in U.S. Currency seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC.

    2.      Beginning on May 19, 2016, for at least 30 consecutive days, the United States published notice of the Court's Order of Forfeiture on the official internet government forfeiture site www.forfeiture.gov.  Said published notice advised all third parties of their right to petition the Court within sixty (60) days from the first day of publication of the notice for a hearing to adjudicate the validity of their alleged legal interest in the forfeited property.  The Declaration of Publication was filed on July 14, 2016.

    3.      The United States of America completed direct written notice by certified mail to Lisa Loomis, Louis Fourie, and Flagstar Bank.

    4.      On December 18, 2020, petitioner Flagstar filed a petition [ECF No. 714] alleging a superior interest to the United States in the Approximately $328,495.75 seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC, alleging as follows:

      a.      In addition to operating a Ponzi scheme, Lee Loomis ("Loomis"), Joseph Gekko ("Gekko"), and other co-defendants embezzled over $9 million in escrow funds for real estate deals that never closed and defrauded Flagstar of an additional $13 million as the result of a warehouse line of credit that Flagstar had established with Excel Funding, an independent mortgage company that made real estate loans involving Loomis, Gekko and their companies.  The vast majority of these monies were never recovered by Flagstar.

      b.      As a result of false representations made by Loomis, Flagstar made payments to Lender Services Direct ("LSD"), an escrow company operated by Gekko.  These funds, in turn, were transferred to Loomis Wealth Solutions ("LWS"), an entity that Loomis controlled.  The $328,495.75 seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC, can be directly traced to wholly legitimate funds that were unlawfully taken from Flagstar.  As the identifiable object of an identified loan fraud, the $328,495.75 in funds represents a

property interest that Flagstar has a right to recover based on both its constructive trust interest and its innocent ownership.

5. No other parties have filed petitions in this matter, and the time in which any person or entity may file a petition has expired.

6. The parties hereby stipulate that Flagstar has an interest superior to the United States' in the Approximately $328,495.75 seized from Washington Mutual Bank, N.A., Account #4412174338 ("the Funds").  Flagstar has a legal right, title, or interest in the Funds, and such right, title, or interest requires the Court to amend the Preliminary Order of Forfeiture pursuant to Fed. R. Crim. P. 32.2(c)(2) to account for their interest, because such interest was vested in them rather than defendant Lee Loomis at the time of the commission of the acts which give rise to the forfeiture of the Funds.  *See* 21 U.S.C. § 853(n).  The parties further stipulate, however, that Lee Loomis had an interest in the Funds and the Preliminary Order of Forfeiture remains valid to the extent it orders the forfeiture of his interest.

7. Upon entry of an order granting this Stipulation, the U.S. Marshals Service shall transfer the following funds to Flagstar through their attorney Roland P. Reynolds:

   a. Approximately $328,495.75 seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC, plus all accrued interest.

8. The payment to petitioner Flagstar shall be in full settlement and satisfaction of all claims and petitions by them to the Funds, and of all claims arising from and relating to the seizure and detention of the Funds.

9. All parties to this stipulation hereby release the United States and its servants, agents, and employees and all other public entities, their servants, agents, and employees, from any and all liability arising out of or in any way connected with the seizure and detention of the Funds.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure and detention, as well as to those now known or disclosed.  The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with

3

Stipulation and Order

the debtor or released party.

10. Flagstar agrees not to pursue against the United States any other rights that they may have arising out of or in any way connected with the seizure and detention of the Funds, including, but not limited to, any right to assess additional interest or penalties except as specifically allowed herein.

11. Petitioner Flagstar understands and agrees that by entering into this stipulation of their interest in the Funds, they waive any right to litigate further their ownership interest in the Funds and to petition for remission or mitigation of the forfeiture. Thereafter, if this Stipulation and Order to Transfer Funds to Petitioner Flagstar Bank is approved by the Court, then unless specifically directed by an order of the Court, Flagstar shall be excused and relieved from further participation in this action.

12. Flagstar understands and agrees that the United States reserves the right to void the stipulation if, before payment, the U.S. Attorney obtains new information indicating that Flagstar is not an "innocent owner" or "bona fide purchaser" pursuant to the applicable forfeiture statutes. The United States shall promptly notify Flagstar of such action. A discretionary termination of forfeiture shall not be a basis for any award of fees.

13. The parties agree to execute further documents, to the extent reasonably necessary, to complete the transaction and to implement further the terms of this Stipulation.

14. Each party agrees to bear its own costs and attorneys' fees.

15. The terms of this Stipulation shall be subject to approval by the United States District Court. Violation of any term or condition herein shall be construed as a violation of an order of the Court.

16. The court shall maintain jurisdiction over this matter to enforce this stipulation.

Dated: 1/25/2021                                  McGREGOR W. SCOTT
                                                  United States Attorney

                                                  /s/ Kevin C. Khasigian
                                                  KEVIN C. KHASIGIAN
                                                  Assistant U.S. Attorney

Dated: 2/10/21                                    /s/ Roland P. Reynolds
                                                  ROLAND P. REYNOLDS
                                                  Attorney for petitioner Flagstar Bank, FSB

                                                  (Signature retained by attorney)

## ORDER

The Court having received, read, and considered the foregoing Stipulation of the parties, and good cause appearing therefrom, the Stipulated Settlement is hereby ADOPTED and APPROVED, and the Court hereby enters an Order to Transfer Funds to Petitioner Flagstar Bank, FSB on the terms set forth in the parties' Stipulated Settlement. All right, title, and interest of Lee Loomis, Lisa Loomis, and Louis Fourie to the Approximately $328,495.75 seized from Washington Mutual Bank, N.A., Account #4412174338, held in the name of Loomis Wealth Solutions LLC, is hereby extinguished.

SO ORDERED this 10th day of February, 2021.

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE